IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEBRA LANGLOIS, | NO. C 04-04315 JW |
| Plaintiff(s), | **FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
| v. | |
| RONALD L. POSTELLE, | |
| Defendant(s). | |

This case came on for trial to the Court sitting without a jury on referral as an adversary proceeding from the Bankruptcy Court.

FINDINGS OF FACT

1. It is undisputed that Defendant Ronald L Postelle ("Postelle") threw a "mason jar" which hit Plaintiff Debra Langlois ("Langlois") in her face.   The issues in the adversary proceeding are the state of mind of Defendant Ronald Postelle when he threw the jar and the amount of damages, if any, suffered by Langlois.

2. It is undisputed that on August 3, 2002, Postelle woke up angry at Langlois.  He was angry at Langlois because she was continuing to allow Brent Trumble to live in the home which Postelle shared with the Langlois.  Postelle's anger on August 3, was characteristic of a troubled relationship between Langlois and Postelle.

3. Most of the difficulties in their relationship centered around Postelle's excessive drinking. Indeed, as of August 2002, Langlois and Postelle were living separately because of Postelle's physical abuse of Langlois when he is under the influence of alcohol.  However, in their efforts to

1  reconcile, Postelle was being allowed to stay in Langlois' home only on weekends.

2      4. On August 3, 2002, Postelle's anger at Langlois and their living situation was so intense
3  that he started to throw household furnishings and furniture out into the yard. He was in a rage.

4      5. Postelle tried to break the television set. His justification was that the items he was
5  destroying, including the television set belonged to him and he would rather break them than allow
6  Brent to continue to enjoy them.

7      6. Langlois tried to stop Postelle from breaking the television set. She and Postelle wrestled
8  to the point of both falling to the floor. Postelle suffered scratches and bruises in the struggle.
9  Langlois was successful in preventing Postelle from breaking the television set.

10     7. With the anger and dispute still in progress, Langlois made a telphone call to her daughter
11 to tell her what was going on.

12     8. Still upset, Postelle went into the kitchen and slammed some object down so hard onto the
13 stove top that it broke.

14     9. At some point, Postelle picked up a mason jar which had been used as a coffee mug.
15 While Langlois stood next to the fireplace talking on the telephone with her daughter, Postelle threw
16 the mason jar in the direction of Langlois and struck her in the face. The blow was so severe that it
17 cut her face, knocked her unconscious and caused her to bleed profusely.

18     10. Postelle did not go to Langlois' aid. Instead, he went into the bedroom.

19     11. Meanwhile, hearing the commotion, and realizing that something had happened to her
20 mother on the other end of the telephone, Langlois' daughter called the police and asked them to go
21 out to Langlois' home.

22     12. Eventually Postelle came out of the bedroom and saw Langlois bleeding. At about that
23 same time the police arrived.

24     13. There is a dispute in the evidence as to whether Postelle ever came to Langlois' aid.

25     14. Postelle claims that when he threw the mason jar he was aiming at the television set and
26 that he accidenty hit Langlois in the face.

27     15. Langlois suffered personal injuries and incurred medical expenses in the sum of

28

$26,734.00. In addition, the Court finds that she is likely to incur future medical expense in the sum of $53,000.

## CONCLUSIONS OF LAW

1. The Court finds that when Postelle threw the mason jar, Postelle was deliberately trying to hit Langlois with it. His conduct was deliberate and with reckless disregard for the harm it might cause to Langlois.

2. The Court does not believe Postelle's testimony.

3. Postelle's version of his motive is inconsistent with his conduct.

4. Although the television set was in the same room, it was on the opposite side of the fireplace. The television set was low. He threw the jar high.

5. Postelle admits that he was angry at Langlois.

6. Postelle's conduct after he hit Langlois was inconsistent with the conduct of someone who had accidentally hurt another person. His conduct was consistent with indifference.

7. The Court's declination to give Postelle's version credibility is supported by the fact that Postelle's rage blinded his judgment.

8. The Court finds that Langlois suffered personal injuries and incurred medical expenses in the sum of $26,734.00. In addition, the Court finds that she is likely to incur future medical expense in the sum of $53,000. Langlois is entitled to be compensated for these expenses.

9. In addition to her medical expenses, Langlois is entitled to reasonable compensation for pain and suffering associated with her injuries. The Court finds that the reasonable compensation for pain and suffering is $75,000.00.

10. No exemplary damages are awarded.

11. Accordingly, the Court awards judgment in favor of Plaintiff Debra Langlois against Defendant Ronald Postelle in the sum of $154,734.

Dated: January 25, 2006

04cv4315findings

/s/James Ware
JAMES WARE
United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Fernando V. Hernandez fvhlaw@pacbell.net
Mark Vincent Boennighausen mvb@hoganlaw.com
Thomas R. Hogan trh@hoganlaw.com

USBC Manager-San Jose
US Bankruptcy Court
280 South First Street
Room 3035
San Jose, CA 95113

Arthur S. Weissbrodt
U.S. Bankruptcy Court
280 South First Street
Room 3035
San Jose, CA 95113

**Dated: January 25, 2006**          **Richard W. Wieking, Clerk**

                                     **By:  /s/JW Chambers**
                                         **Melissa Peralta**
                                         **Courtroom Deputy**